IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Raffi P. Deravakian, on behalf of himself and others similarly situated,

    Plaintiff,

v.

Firstsource Advantage, LLC,

    Defendant.

Case No.:

**JURY TRIAL DEMANDED**

**COMPLAINT--CLASS REPRESENTATION**

**Nature of the Action**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Florida consumers who have been the subject of debt collection efforts by Firstsource Advantage, LLC ("Defendant").

2. Defendant attempted to collect debts from these consumers at a time when it was illegal for Defendant to do so because Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

**Parties**

3. Raffi P. Deravakian is a natural person who at all relevant times resided in Miami-Dade County, Florida.

4. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

5. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the

subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a limited liability company headquartered in Buffalo, New York.

8. Defendant declares its "mission is to empower you to plan and manage your debt conveniently and independently so you can regain control of your finances. We help you do this through our digital debt collections solution that is easily accessible, user friendly and available 24x7."[1]

9. On its website, Defendant describes itself as "a debt collector."[2]

10. Defendant identified itself to Plaintiff as a debt collector, as shown below.

11. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, and as such is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

13. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

---

[1] https://www.firstsourceadvantage.com/ (last visited July 5, 2022).

[2] https://www.firstsourceadvantage.com/hardship-and-free-debt-advice/ (last visited July 5, 2022).

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or it regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

## Jurisdiction and Venue

15. This Court has jurisdiction under 15 U.S.C. § 1692k(d).

16. Venue is proper before this Court under Fla. Stat. § 47.011 as Plaintiff's causes of action accrued in this county.

## Relevant Statutory Framework

17. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* § 1692(a).

18. The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—has cautioned that "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[3]

19. The Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, was enacted with a similar goal, "to eliminate abusive and harassing tactics in the collection of debts." *Brindise v. U.S. Bank Nat'l Ass'n*, 183 So. 3d 1215, 1221 (Fla. 2d DCA 2016), *rev. denied*, No. SC16-300, 2016 WL 1122325 (Fla. Mar. 22, 2016).

---

[3] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), available at http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited July 5, 2022).

20. Pursuant to the FCCPA, prior to engaging in any business in Florida, a person who acts as a consumer collection agency must register with the State of Florida Office of Financial Regulation. Fla. Stat. § 559.555(1).

21. The Florida legislature determined this licensing requirement to be of such import to the citizens of Florida that it made violations subject to one year of jail time. Fla. Stat. § 559.785.

**Factual Allegations**

22. On or about January 31, 2022, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

23. A redacted copy of the January 31 communication to Plaintiff is attached as Exhibit A.

24. This January 31 communication to Plaintiff sought payment from him in the amount of $2,451.64.

25. Defendant's January 31 communication stated: "We are required to inform you that this is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."  Ex. A.

26. Defendant signed its January 31 communication as "Firstsource Advantage, LLC, A Professional Debt Recovery Agency." *Id.*

27. Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent the January 31 letter to Plaintiff.

**Class Representation Allegations**

28. Plaintiff brings this action as a class action pursuant to Rules 1.220(a) and 1.220(b)(3) of the Florida Rules of Civil Procedure on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to whom Firstsource Advantage, LLC mailed a debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) from January 1, 2022 through April 26, 2022.

29. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

30. The class satisfies Rule 1.220(a)(1) because, upon information and belief, the members are so numerous that joinder of all members is impracticable.

31. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

32. The class is ascertainable because Plaintiff defined it by reference to objective criteria.

33. In addition, upon information and belief, the names and addresses of all members of the class can be identified in business records maintained by Defendant.

34. The class satisfies Rules 1.220(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

35. To be sure, Plaintiff's claims and those of the members of the class originate from the same debt collection conduct by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

36. Plaintiff satisfies Rule 1.220(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

37. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

39. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

40. There should be no unusual difficulty in the management of this action as a class action.

41. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

42. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. the availability of statutory penalties; and

   d. the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

43. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 42 above.

44. The FDCPA at 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with

the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

46. Defendant sent the January 31, 2022 collection letter to Plaintiff even though Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent the correspondence.

47. Defendant's attempt to collect the Debt from Plaintiff at a time when Defendant was barred by Florida law from doing so constitutes a false, deceptive, and misleading representation or means in connection with the collection of the Debt.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A)**

48. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 42 above.

49. The FDCPA at 15 U.S.C. § 1692e(2)(A) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*****

(2) The false representation of—

(A) the character, amount, or legal status of any debt;

50. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character and legal status of the Debt in its January 31, 2022 communication to Plaintiff.

51. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

52. Yet, Defendant sent the January 31 collection letter to Plaintiff even though Defendant was not registered at the time with the State of Florida Office of Financial Regulation as a consumer collection agency.

53. By attempting to collect the Debt from Plaintiff at a time when Defendant was barred by Florida law from doing so, Defendant gave the false impression that the Debt was amenable to collection *by Defendant* when, in fact, it was not.

54. That is, by stating that Defendant could, and would, collect the monies alleged to be owed by Plaintiff, Defendant misrepresented the character and legal status of the Debt as being collectible by Defendant in particular—which was not true given Defendant's lack of requisite registration with the State of Florida Office of Financial Regulation.

**Count III: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f**

55. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 42 above.

56. The FDCPA at 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

57. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

58. Yet, Defendant sent the January 31 collection letter to Plaintiff even though Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent the correspondence.

59. Defendant's attempt to collect the Debt from Plaintiff at a time when Defendant was barred by Florida law from doing so constitutes an unfair or unconscionable means in connection with the collection of the Debt.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 1.220 of the Florida Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692f;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692f with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: July 5, 2022                                              Respectfully submitted,

                                                                 */s/ Jesse S. Johnson*
                                                                 James L. Davidson

>Florida Bar No. 723371
>Jesse S. Johnson
>Florida Bar No. 69154
>Greenwald Davidson Radbil PLLC
>5550 Glades Road, Suite 500
>Boca Raton, FL 33431
>Tel: (561) 826-5477
>jdavidson@gdrlawfirm.com
>jjohnson@gdrlawfirm.com
>
>Matthew Bavaro
>Florida Bar No. 175821
>Matis H. Abarbanel
>Florida Bar No. 130435
>Loan Lawyers
>3201 Griffin Road, Suite 100
>Ft. Lauderdale, FL 33312
>Tel: (954) 523-4357
>Matthew@Fight13.com
>Matis@Fight13.com
>
>*Counsel for Plaintiff and the proposed class*

# Exhibit A

Statement Date: January 31, 2022
Creditor: WELLS FARGO BANK, N.A.
Our Reference #:
Creditor Account #: XXXXXXXXXXXX
Account Balance: $6,129.08



Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 • 1-866-582-5354

**Pay Less Than You Owe and Settle Your Account**

Dear Raffi P Deravakian:

We are happy to offer you the opportunity to pay less than you owe to settle your account. If you pay $2451.64 by February 25, 2022, we will consider your account settled and collection efforts will stop on the remaining balance.

Upon receipt and clearance of your payment, we will notify the creditor listed above so they can update their records accordingly.

Kindly note that we have the right to treat any missed, late, or returned payment as a cancellation of the agreement. We are not obligated to renew this payment offer.

If you have any questions, please do not hesitate to contact us at 1-866-582-5354.

This settlement may have tax consequences. Please consult your tax advisor.

We are required to inform you that this is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

We look forward to hearing from you.

Thank you,

Firstsource Advantage, LLC
A Professional Debt Recovery Agency

**Customer Service and Payment Information**

☎ Telephone: Toll free: 1-866-582-5354    TTY / TDD Users: 1-800-662-1220
ⓘ Office Hours (Eastern Time): Monday and Tuesday 8am-9pm, Wednesday-Friday 8am-8pm, Saturday 8am-12pm
✉ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY 14228
🖱 For account information and payment options, you may access our website at www.myadvantagefsa.com

619CZFRST03_SIF_188730097

***Please Detach Lower Portion and Return with Your Payment***

Do not send correspondence to this address.

CZFRST03
PO Box 628
Buffalo, NY 14240-0628
CHANGE SERVICE REQUESTED

January 31, 2022

RAFFI P DERAVAKIAN
MIAMI FL 33176-2754

| IF PAYING BY DEBIT CARD, FILL OUT BELOW. | | |
|---|---|---|
| ☐ VISA | | ☐ MasterCard |
| CARD NUMBER | | EXPIRATION DATE |
| SIGNATURE | | PAYMENT DATE |
| ACCOUNT # | ACCOUNT BALANCE $6,129.08 | AMOUNT PAID $ |

Make Payment To:
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment